IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**HILL ENTERPRISES, INC., d/b/a HILL PETROLEUM,**

            **Plaintiff,**

v.                                             CIV No. 12-0253 LH/WDS

**GEORGE F. LOOKINGBILL,**

            **Defendant.**


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court pursuant to Plaintiff's Motion for Default Judgment (Docket No. 10). Having reviewed the motion, the record in the case, and being fully advised on the law, the Court finds that the motion will be **granted in part and denied in part**. Specifically, default judgment will be entered on the issue of liability. Plaintiff's motion will be denied, however, without prejudice, on the issues of damages, attorney fees and costs.

**I. Procedural Background**

Plaintiff filed its Complaint in this matter on March 12, 2012 (Docket No. 1). The Complaint is entitled "Complaint on Guaranty, for Negligent/Fraudulent Misrepresentation and for Innocent Misrepresentation or Constructive Fraud."[1] Proof of service of the Complaint, filed on

---

[1] Attached to the Complaint are 4 exhibits: "Confidential Application for Credit" (Exhibit A); "Hill Petroleum Promissary Note" (Exhibit B); "Hill Enterprises, Inc., dba Hill Petroleum Security Agreement and Authorization to File a UCCI Statement" (Exhibit C); and a November 11, 2011 certified letter from Butt Thornoton & Baehr PC to Defendant George F. Lookingbill (Exhibit D).

April 10, 2012, indicates that Defendant was served personally on April 5, 2012. (Docket No. 5). On May 14, 2012, Plaintiff filed a Praecipe Requesting Clerk's Entry of Default (Docket No. 6). On the same date, Plaintiff's counsel filed an affidavit indicating that the Department of Defense Manpower Data Center had confirmed that Defendant is not a member of the military service of the United States, nor her allies. (Docket No. 7). Also on May 14, 2012, Plaintiff filed an Affidavit of Amount Due, sworn to by Tammy Walsh, Controller of Hill Enterprises, Inc.. (Docket No. 8). On May 15, 2012, a Clerk's Entry of Default (Docket No. 9) was entered, merely indicating that Defendant Lookingbill had failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that the Clerk of this Court accordingly entered default of Lookingbill into the record. No amount of judgment was mentioned in this Clerk's Entry of Default. On May 16, 2012, Plaintiff filed its Motion for Default Judgment (Docket No. 10), stating that "Plaintiff is legally entitled to judgment by default for the relief requested in the Complaint." No precise amount of damages is specified.

**II.  Discussion**

    **A.  Entry of Default Judgment**

Before entering default judgment against the Defendant, the Court must find that the Defendant was properly served in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Rules. If the Defendant has been properly served and has failed to defend, the Court may enter default judgment as to the issue of liability in accordance with FED.R.CIV.P. 55 (b)(2). In this case, Plaintiff has shown that Defendant was properly served in accordance with FED.R.CIV.P. 4 and that he subsequently failed to answer or otherwise defend. The Court has personal jurisdiction over the

defaulting Defendant and it has subject matter jurisdiction over the dispute. Prior to the date of the filing of this Memorandum Opinion and Order, Defendant has not answered, defended or otherwise appeared in the case. Accordingly, as concluded in the Clerk's Entry of Default, Plaintiff is entitled to default judgment on the issue of liability.

### B.  Plaintiff Has Not Proven Damages

On damages, the "court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297 (10th Cir. 1983). Black's Law Dictionary defines a liquidated claim as being one which can be determined with exactness from the parties' agreement or by arithmetical process or application of definite rules of law, without reliance on opinion or discretion. BLACK'S LAW DICTIONARY 930 (6TH ED. 1990).

The definition contemplates a context in which, once liability is established, the amount due is beyond question. *See KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19-20 (1st Cir. 2003). For the Court to enter an amount of damages on default, the amount due must be certain. Although in some instances, the Court may rely on the facts of record, in this case these facts are not sufficiently developed and presented in the record to justify reliance by the Court on them. Consequently the Court must make an independent determination as to what, if any, damages will be awarded. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008).

#### 1.  Allegations in the Complaint

Count I of the Complaint, entitled "Guaranty," alleges that Roy E. Pogue ("Pogue") executed a Promissory Note in favor of Plaintiff whereby Pogue acknowledged certain amounts

owing for excise tax payments previously made by Plaintiff to the State of New Mexico on behalf of Pogue and for goods previously received from Plaintiff; that in connection with the execution of the Promissory Note, Pogue executed a Security agreement in favor of Plaintiff granting Plaintiff a security interest in the goods purchased by Pogue from Plaintiff; that Plaintiff supplied additional fuel to Pogue after the date of the Promissory Note; that under the Application, Promissory Note and Security Agreement, Lookingbill personally guaranteed payment of the amounts owed to Plaintiff by Pogue; that Pogue has failed to pay the amount due and owing to Plaintifff; that as of October 28, 2011, Pogue owed Plaintiff, $354,544.28, including interest, which continues to accrue at the rate of 24% per annum.  The Promissory Note provides that Plaintiff is entitled to attorney fees and costs, and Lookingbill is liable for these sums as well.  Notably, pursuant to Count I, Plaintiff seeks damages from Lookingbill in the amount of $354,544.28 plus additional interest at the rate of 24% per annum, plus an unspecified amount of costs and reasonable attorneys' fees.

Count II, entitled "Negligent/Fraudulent Misrepresentation," alleges that:  on the Application, Lookingbill, without due care or alternatively, fraudulently, made a material representation that Pogue was in possession of a tax exemption certificate; that in October 2006, Plaintiff discovered that Pogue did not have a tax exemption certificate as represented on the Application, and that Plaintiff was forced to pay excise taxes to the State of New Mexico on behalf of Pogue in the amount of $149,342.08; that as of October 28, 2011, the total amount owed to Plaintiff for excise taxes and interest is $221,447.23, which is the amount of damages alleged in Count II, plus additional interest at the rate of 24% per annum.

Count III, entitled "Innocent Misrepresentation or Constructive Fraud," alleges that: Lookingbill had a legal or equitable duty to Plaintiff to insure that the representations he made were correct; that the representation (presumably about the tax exemption certificate) was untrue; that

Lookingbill breached his duty to Plaintiff and that Plaintiff has been damaged as a result of the breach of duty; that the balance owed for excise taxes is $221,447.23 plus additional interest at the rate of 24% per annum is the amount of damages under Count III.

## 2.  Failure of Proof in the Record Regarding Damages

The only actual proof in the record regarding damages is Plaintiff's Affidavit of Amount Due (Docket No. 8), filed on May 14, 2012.  This affidavit was signed by Tammy Walsh, controller of Plaintiff Hill Enterprises, Inc..  It states that in her capacity as controller, she has access to, and is familiar with, the files regarding the Guaranty by Defendant George F. Lookingbill ("Lookingbill") of the obligations of Roy E. Pogue Wholesale, Inc., and that she has access to all information concerning the status of such account, the amount owing and any amounts in default.  (Aff., ¶ 2). Paragraph 3 of Walsh's affidavit states that, on or about December 10, 2003, Pogue submitted a Confidential Application for Credit ("Application") to Plaintiff, pursuant to which Pogue purchased wholesale fuels from Plaintiff.  (Ex. A to Compl.).  Paragraph 4 states that on or about July 29, 2012, Pogue executed a Promissory Note in favor of Plaintiff, whereby Pogue acknowledged certain amounts owing for excise tax payments previously made by Plaintiff to the State of New Mexico on behalf of Pogue and for goods previously received from Plaintiff.  (Ex. B to Compl.).  Paragraph 5 states that in connection with the execution of the Promissory Note, Pogue executed a Security Agreement in favor of Plaintiff, granting Plaintiff a security interest in the goods purchased by Pogue from Plaintiff.  (Ex. C to Compl.).  Walsh states further that Pogue has failed to pay the amount due and owing to Plaintiff (Aff., ¶ 6), and that under the Application, Promissory Note and Security Agreement, Lookingbill personally guaranteed payment of the amounts owed by Pogue to Plaintiff.  (*Id*., ¶ 7).  Walsh states that, as of October 28, 2011, the total amount owed by

Lookingbill was $354,544.28; that interest from October 29, 2011 through May 7, 2012 is $48,620.51; and that interest continues to accrue from and after May 8, 2012 at the rate of 24% per year. (*Id*., ¶ 8). Finally, she states that the Promissory Note provides that Plaintiff is entitled to its attorneys fees and costs, and that the amount of fees and costs incurred by Plaintiff through April 30, 2012 totals $10,208.00. (*Id*., ¶¶ 9, 10).

To summarize: Controller Tammy Walsh, without providing any underlying documentation regarding a factual basis as to the "amount due and owing to Hill" (Aff. ¶ 6), makes unsubstantiated statements that the total amount owed, as of October 28, 20121 was $354,544.28; that interest from October 29, 2011 through May 7, 2012 is $48,620.51; and that interest continues to accrue at the rate of 24% per year. This first figure, $354,544.28 correlates to the amount mentioned in Count I of the Complaint. Three types of debt are mentioned in Count I, yet Walsh's affidavit does not provide an accounting or any proof as to what portions of this alleged amount are owed for excise tax payment, for goods previously received from Plaintiff, or for additional fuel after the date of the Promissory Note.

In addition, Counts II and III of the Complaint contain claims for excise tax payment and interest in the amount of $221.447.23. No mention of this claim is made in Walsh's affidavit.

Walsh's affidavit states that Plaintiff is entitled to its attorneys fees and costs, which total $10,208, through April 30, 2012.

The Court is unable to discern from Walsh's affidavit how the "total amount owed" was calculated – i.e., the factual basis for this alleged amount owed. The amount of damages asserted in this affidavit is not susceptible to reliable computation or determination by the Court, given a lack of an accounting and factual basis in the record. Walsh's affidavit is insufficient. Furthermore, it is not reconcilable with the "monetary relief requested in the Complaint[,]" which is the relief

sought by Motion for Default.

If Plaintiff is able to provide proof as to what it is owed, with sufficient detail for this Court to meaningfully assess damages, it may request an evidentiary hearing before the Court, at which time such hearing will be set before the Undersigned Judge.  Plaintiff is reminded that it bears the burden of proving entitlement to damages.  Although all well-pleaded facts in the complaint (except those relating to the amount of damages) are presumed to be true, the Plaintiff must prove damages. *See Stephenson v. El-Batrawi*, 524 F.3d at 915-16.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff is granted default judgment on the issue of liability only.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**